COOKS, J.,
dissenting.
|,I cannot agree with the majority’s opinion affirming the trial court’s grant of summary judgment in favor of the defendant law firm. I find there are genuine issues of material fact as to whether the “Engagement Agreement” and the “Assignment of Engagement Agreement” are null and void. I find the record supports *322 the earlier finding by the trial court, in its denial of the plaintiffs’ motion for summary judgment. Plaintiffs alleged the defendant law firm, after agreeing to represent HK Stanley for a percentage of income from the casino project, then induced Stanley to sign a promissory note for attorney fees. The defendant law firm argued the “Engagement Agreement” was liquidated and reduced to a fixed fee via the “Assignment of Engagement Agreement” and then via the promissory note.
The “Engagement Agreement” set forth that Crowell and Owens would handle all legal matters for a percentage of the revenue. This was changed by the “Assignment of Engagement Agreement” to a fixed fee. At a minimum, there are questions of fact as to whether the plaintiffs were adequately advised of the scope of the representation by Crowell and Owens. Bill Owens testified that outside counsel, specifically the law firm of Gold, Weems, was employed to “handle [a lawsuit with] Kevin Kean, and also to assist in getting a compact with the State of Louisiana.” There also are genuine issues of material fact as to whether the |2plaintiffs are entitled to offset against any claim for fees by Crowell and Owens, the sums paid to the firm of Gold, Weems for representation of the plaintiffs interests in the casino project. For the above work it performed, Gold, Weems charged over one million dollars, which Mr. Owens conceded was “a very significant fee.” Thus, despite the arrangement that Cro-well and Owens would handle all legal matters, this was not done. Thus, the plaintiffs contended this result was not what Mr. Stanley contemplated when he executed the “Engagement Agreement” and was clearly in violation of Rule 1.8(a) of the Rules of Professional Conduct.
Moreover, plaintiffs have maintained HK Stanley was not advised in writing that he should seek additional legal advice before signing the “Engagement Agreement.” Rule 1.8(a)(2) of the Rules of Professional Conduct requires:
(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
[[Image here]]
(2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction;
Mr. Owens acknowledged in his testimony he did not advise Stanley in writing that he should seek additional legal advice before he signed the “Engagement Assignment.” Thus, there are genuine factual disputes as to whether Crowell and Owens complied with the Rules of Professional conduct in this matter.
Crowell and Owens and the majority rely on the fact that the plaintiffs’ prior motion for summary judgment on the issue of the nullity of the “Engagement Agreement” and the “Assignment of Engagement Agreement” was denied. However, that motion for summary judgment was denied because the trial court found genuine issues of material fact existed that precluded the granting of summary judgment. Thus, the nullity issue concerning the “Engagement | .¡Agreement” and the “Assignment of Engagement Agreement” has yet to be ruled upon.
The majority further notes that the plaintiffs did not appeal the earlier denial of their summary judgment. However, the plaintiffs may well have accepted the trial court’s finding that there were genuine issues of fact on the issue of whether the “Engagement Agreement” and the *323 “Assignment of Engagement Agreement” were null and void. In fact, the presence of genuine issues of material fact is what the plaintiffs argue should have precluded the trial court from granting Crowell and Owens’ motion for summary judgment. Thus, plaintiffs’ failure to appeal the prior denial of summary judgment is irrelevant and in no way indicates an abandonment of its contention that the “Engagement Agreement” and the “Assignment of Engagement Agreement” are null and void.
For the above reasons, I find the trial court erred in granting summary judgment in this matter, when there were several genuine issues of material fact present. Therefore, I dissent from the majority’s opinion and would reverse the trial court’s grant of summary judgment and remand this matter for further proceedings.